Milo Steven Marsden (Utah State Bar No. 4879)
Peggy Hunt (Utah State Bar No. 6060)
Sarah Goldberg (Utah State Bar No. 13222)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Email: marsden.steve@dorsey.com
      hunt.peggy@dorsey.com
      goldberg.sarah@dorsey.com

*Attorneys for Sphere 3D Corp., V3 Systems Holdings, Inc., Peter Tassiopoulos, Jason D. Meretsky, Eric L. Kelly, Peter Ashkin, Daniel J. Bordessa, and Vivekanand Mahadevan*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>UD DISSOLUTION CORP.<br>    (fna, V3 Systems, Inc.)<br><br>Debtor. | Bankruptcy Case No. 14-32546<br><br>Chapter 11 |
| UD DISSOLUTION LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>SPHERE 3D CORPORATION, incorporated under the laws of the Province of Ontario, Canada; V3 SYSTEMS HOLDINGS, INC., a Delaware corporation; PETER TASSIOPOULOS, an individual; JASON D. MERETSKY, an individual; ERIC L. KELLY, an individual PETER ASHKIN, an individual; MARIO BIASINI, an individual; GLEN M. BOWMAN, an individual; DANIEL J. BORDESSA, an individual; VIVEKANAND MAHADEVAN, an individual; and JOHN DOES I-X,<br><br>Defendants | Adversary Proceeding No. 15-02196<br><br>The Honorable Joel T. Marker<br><br>**ANSWER OF DEFENDANTS SPHERE 3D CORP AND V3 SYSTEMS HOLDINGS, INC. TO CLAIMS 1-2, 10-12, 15 AND 19 OF THE COMPLAINT OBJECTING TO CLAIM NO. 26-1 AND SEEKING OTHER RELIEF** |

Sphere 3D Corp. ("Sphere 3D") and V3 Systems Holdings, Inc. ("Holdings") (collectively, the "Answering Defendants"), by and through their attorneys, hereby submit this *Answer to Claims 1-2, 5-6, 10-12, 15, and 19* of the *Complaint Objecting to Claim No. 26-1 and Seeking Other Relief*.  Concurrently herewith, the Answering Defendants, along with Defendants Peter Tassiopoulos, Jason D. Meretsky, Eric Kelly, Peter Ashkin, Daniel Bordessa, and Vivekanand Mahadevan (the "Individual Defendants") are submitting a *Motion to Dismiss and Memorandum in Support* seeking to dismiss the remaining claims asserted against Sphere 3D and Holdings and all of the claims against the Individual Defendants.

The Answering Defendants state as follows:

## PARTIES

1.      Answering Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 1 and, on that basis, deny the same.

2.      Answering Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 2 and, on that basis, deny the same.

3.      Answering Defendants admit the allegations in paragraph 3.

4.      Answering Defendants admit the allegations in paragraph 4.

5.      Answering Defendants admit that the United State Bankruptcy Court for the District of Utah entered an *Order Confirming Debtor's Plan of Liquidation* (the "Confirmation Order") on July 9, 2015.  The Confirmation Order speaks for itself and Answering Defendants deny the allegations in paragraph 5 to the extent they are inconsistent with the contents thereof.

6.      Answering Defendants admit the allegations in paragraph 6.

7.      The Plan speaks for itself and the Answering Defendants deny the allegations in paragraph 7 to the extent that they are inconsistent with the contents thereof.

8.      The Plan speaks for itself and the Answering Defendants deny the allegations in paragraph 8 to the extent they are inconsistent with the contents thereof.

9.      Answering Defendants admit that Sphere 3D is a corporation organized under the laws of Ontario, Canada, and that its principal place of business is Mississuaga, Ontario. Answering Defendants further admit that shares of Sphere 3D were publicly traded on the TSX Venture exchange until December 9, 2014, that Sphere 3D shares were traded on the OTCQX no later than August of 2013, and that Sphere 3D shares began trading on the NASDAQ Global Market on or about July 8, 2014.

10.     Answering Defendants deny that the Complaint accurately describes the asset sale transaction. Answering Defendants otherwise admit the allegations in paragraph 10.

11.     Answering Defendants admit that Sphere 3D and Holdings filed Proof of Claim No. 26-1 in the Bankruptcy Case on April 6, 2015 (the "Sphere Proof of Claim"). Answering Defendants deny that the Sphere Proof of Claim is attached to the complaint as Exhibit A. The Sphere Proof of Claim speaks for itself and the Answering Defendants deny the remaining allegations in paragraph 11 to the extent that they are inconsistent with the contents thereof.

12.     Answering Defendants admit that Peter Tassiopoulos is an individual and a citizen of Toronto, Ontario, Canada, that Tassiopoulos was a member of Sphere 3D's board of directors, was once the Chief Executive Officer of Sphere 3D, and is currently the President and Vice Chairman of Sphere 3D. Answering Defendants deny the remaining allegations in paragraph 12.

13.     Answering Defendants admit that Jason D. Meretsky is an individual and a citizen of Toronto, Ontario, Canada, is a partner of Meretsky Law Offices in Toronto, Canada, and is licensed to practice law in Ontario, Canada.  Answering Defendants also admit that Meretsky acted as legal counsel for Sphere 3D and was, a member of Sphere 3D's board of directors from January 2013 until December 2014.  Answering Defendants deny the remaining allegations in paragraph 13.

14.     Answering Defendants admit the allegations in paragraph 14.

15.     Answering Defendants admit the allegations in paragraph 15.

16.     Answering Defendants admit the allegations in paragraph 16.

17.     Answering Defendants admit that Mario Biasini is an individual and a citizen of Ontario, Canada, that Biasini was a member of Sphere 3D's board of directors from October 2009 until December 2014, that he co-founded Sphere 3D in October 2009 and served as Sphere 3D's president.  Answering Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 17 and, on that basis, deny the same.

18.     Answering Defendants admit that Daniel J. Bordessa is an individual, was a member of Sphere 3D's board of directors from December 2014, and was an employee of Cyrus Capital Partners, LP.  Answering Defendants deny the remaining allegations of paragraph 18.

19.     Answering Defendants admit that Vivekanand Mahadevan is an individual and was a member of Sphere 3D's board of directors from December 2014.  Answering Defendants further admit that Mahadevan has been a director of Overland since 2012.  Answering Defendants deny the remaining allegations in paragraph 19.

20.     Paragraph 20 does not contain factual allegations and thus does not require a response.

21.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 21 and, on that basis, deny the same.

## JURISDICTION AND VENUE

22.     Answering Defendants admit that this purports to be a proceeding to object to a claim in a bankruptcy case, and purports to assert claims seeking the turnover of property and the avoidance of fraudulent transfers, but deny same.  Answering Defendants deny the remaining allegations in paragraph 22.

23.     Answering Defendants deny the allegations in paragraph 23.

24.     Answering Defendants admit that the Court has personal jurisdiction over them only.  Answering Defendants further admit that Claims 1-6 and 9 are related to the bankruptcy case and are core proceedings under 28 U.S.C. § 157(b)(2)(B).  Answering Defendants deny the remaining allegations in paragraph 24.

25.     Answering Defendants admit that Claims 1-6 and 9 are core proceedings under 28 U.S.C. § 157(b)(2)(B).  Answering Defendants deny the remaining allegations in paragraph 25. As to all non-core proceedings and all claims on which the Court lacks authority to enter a final order or judgment without consent, Answering Defendants affirmatively state that they do not consent to entry of final orders or judgments by the Court.

26.     Answering Defendants deny the allegations in paragraph 26.

## GENERAL ALLEGATIONS OF FACTS

27.     Answering Defendants admit that the Debtor entered into an Asset Purchase Agreement (the "APA") with Sphere 3D and Holdings on February 11, 2014, and that the transaction closed on or about March 21, 2014.  The APA speaks for itself and the Answering Defendants deny the remaining allegations in paragraph 27 to the extent that they are inconsistent with the contents thereof.

28.     Answering Defendants admit that prior to the Closing Date, V3 was engaged in the business of developing, marketing and selling computer hardware and software that purported to provide for virtual or desktop cloud computing solutions, but denies that any of V3's virtual or desktop cloud computing solutions were functional or as represented.

29.     Answering Defendants admit that the parties began negotiating the APA in October 2013 following discussions between Lindstrom and Tassiopoulos.  Answering Defendants further admit that the parties discussed that the purchase price would be paid in cash and shares of Sphere 3D stock.  Answering Defendants deny the remaining allegations in paragraph 29.

30.     Answering Defendants admit that during the negotiations, V3 disclosed that it had various types of debts.  Answering Defendants deny that V3's disclosures were complete or accurate and deny the remaining allegations in paragraph 30.

31.     Answering Defendants admit thatV3 made limited disclosures concerning the Anderer Lawsuit.  Answering Defendants deny that V3's disclosures were complete or accurate, and deny the remaining allegations in paragraph 31.

32.     Answering Defendants admit that Sphere 3D and V3 signed a letter of intent (the "LOI") on December 4, 2013.  Answering Defendants deny the remaining allegations in paragraph 32.

33.     The LOI speaks for itself and the Answering Defendants deny the allegations in paragraph 33 to the extent they are inconsistent with the contents thereof.

34.     LOI and APA speak for themselves and the Answering Defendants deny the allegations in paragraph 34 to the extent they are inconsistent with the contents thereof.

35.     Answering Defendants admit that, following the execution of the LOI, Sphere 3D undertook limited due diligence.  Answering Defendants deny the remaining allegations in paragraph 35.

36.     Answering Defendants admit that Scott Worthington traveled from Toronto, Canada to Utah to perform due diligence and that V3's counsel opened, populated, and granted Sphere 3D access to a virtual data room.  Answering Defendants deny the remaining allegations in paragraph 36.

37.     Answering Defendants admit that V3 struggled to pay operating costs during the diligence period, that Sphere 3D was aware of this fact.  Answering Defendants deny that V3 fully or accurately disclosed its financial situation or operating costs.  Answering Defendants admit that in December 2013, Sphere 3D began fulfilling orders for V3 products pursuant to an informal master distributor agreement between Sphere 3D and V3 and recorded revenue for those sales on Sphere 3D's books.  Answering Defendants also admit that money given to V3 during this time was treated as a loan and deducted from the cash portion of the Purchase Price at

the Closing of the Transaction.  Answering Defendants deny the remaining allegations in paragraph 37.

38.     Answering Defendants admit that the APA was signed on February 11, 2014. Answering Defendants deny the remaining allegations in paragraph 38.

39.     Answering Defendants deny the allegations in paragraph 39.

40.     Answering Defendants deny the allegations in paragraph 40.

41.     Answering Defendants deny the allegations in paragraph 41.

42.     Answering Defendants admit that Sphere 3D and Overland entered into a merger agreement on May 15, 2014.  Answering Defendants deny the remaining allegations in paragraph 42.

43.     Answering Defendants admit the allegations contained in paragraph 43.

44.     The APA speaks for itself and the Answering Defendants deny the allegations in paragraph 44 to the extent they are inconsistent with the contents thereof.

45.     The APA speaks for itself and the Answering Defendants deny the allegations in paragraph 45 and all of its subparts to the extent they are inconsistent with the contents thereof.

46.     Answering Defendants deny the allegations in paragraph 46.  Answering Defendant affirmatively state that pursuant to the APA, "additional restrictions [on the Sphere 3D Shares] may be required per United States securities laws or otherwise."  APA §4.2(b). Further, section 6.31 of the APA states that Sphere 3D shares are (a) restricted securities that may not be sold without registration or exemption, (b) unless they are registered, they will bear a restrictive legend, and (c) the legend may be removed by (1) providing a declaration to the issuer's transfer agent for such securities and (2) providing "an opinion of counsel of recognized

standing reasonably satisfactory to Sphere 3D to the effect that such legend is no longer required under applicable requirements of the U.S. Securities Act."

47.     Answering Defendants deny the allegations in paragraph 47.

48.     Answering Defendants deny the allegations contained in paragraph 48.

49.     Answering Defendants deny the allegations of paragraph 49.

50.     Answering Defendants admit Sphere paid V3 $4 million in cash on the Closing Date minus the $50,000 initial deposit and certain agreed-upon holdback and interim funding amounts.  Answering Defendants otherwise deny the allegations of paragraph 50.

51.     Answering Defendants deny the allegations in paragraph 51.

52.     Answering Defendants deny the allegations in paragraph 52.

53.     Answering Defendants admit that Lindstrom discussed the state of V3's financial affairs with certain of the Individual Defendants, but deny that Lindstrom's disclosures were complete or accurate.  Answering Defendants deny the remaining allegations in paragraph 53.

54.     Answering Defendants admit that the amount of cash V3 received was reduced pursuant to the APA.  The APA speaks for itself and the Answering Defendants deny the remaining allegations in paragraph 54 to the extent they are inconsistent with the contents thereof.

55.     Answering Defendants admit that the number of shares V3 received was reduced pursuant to the APA.  The APA speaks for itself and the Answering Defendants deny the remaining allegations in paragraph 55 to the extent they are inconsistent with the contents thereof.

56.     Answering Defendants admit that Sphere 3D held back 95,603 shares of Sphere 3D stock.  The APA speaks for itself and Answering Defendants deny the remaining allegations in paragraph 56 to the extent they are inconsistent with the contents thereof.

57.     The APA speaks for itself and the Answering Defendants deny the allegations in paragraph 57 to the extent they are inconsistent with the contents thereof.

58.     Answering Defendants admit that Sphere 3D held back an additional 95,603 shares of Sphere 3D stock pursuant to the APA for the Litigation Holdback.  The APA speaks for itself and the Answering Defendants deny the allegations in paragraph 58 to the extent they are inconsistent with the contents thereof.

59.     Answering Defendants deny the allegations in paragraph 59.

60.     The APA speaks for itself and the Answering Defendants deny the allegations in paragraph 60 and all of its subparts to the extent they are inconsistent with the contents thereof.

61.     The APA speaks for itself and the Answering Defendants deny the allegations in paragraph 61 to the extent that they are inconsistent with the contents thereof.

62.     Answering Defendants admit that Sphere 3D identified five key V3 employees and offered them employment.  Answering Defendants deny the remaining allegations in paragraph 62.

63.     Answering Defendants admit that, V3's certificated stock contained a restrictive legend (the "Restrictive Legend").  The Restrictive Legend speaks for itself and Answering Defendants deny the allegations in paragraph 63 to the extent they are inconsistent with the contents thereof.

64.     Answering Defendants deny the allegations in paragraph 64.

65.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 65 and, on that basis, deny the same.

66.     Answering Defendants admit that Sphere 3D and V3 discussed V3 borrowing money from Sphere 3D after Closing but that V3 did not borrow such money.  Answering Defendants deny the remaining allegations in paragraph 66.

67.     Answering Defendants admit that on May 15, 2014, Sphere 3D announced its agreement to merge with Overland.  Answering Defendants deny the remaining allegations in paragraph 67.

68.     Answering Defendants admit that Sphere 3D announced that it would issue over 8.5 million shares of Sphere stock in exchange for all of the outstanding share capital of Overland.  Answering Defendants deny the remaining allegations in paragraph 68.

69.     Answering Defendants deny that Sphere 3D formally considered a merger with Overland before the Closing Date, and state that there was nothing to communicate to V3 in this regard.  Answering Defendants deny the remaining allegations in paragraph 69.

70.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 70 and, on that basis, deny the same.

71.     Answering Defendants admit that Overland was the supplier of the V3 hardware before the merger with Overland.  Answering Defendants deny the remaining allegations in paragraph 71, including all of its subparts.

72.     Answering Defendants deny the allegations in paragraph 72.

73.     Answering Defendants admit that on or around July 24, 2014 V3 improperly submitted to Sphere 3D's transfer agent a request to remove the restrictive legend on certain

shares that did not comply with the terms of the APA or applicable law.  Answering Defendants

otherwise deny the allegations in paragraph 73.

74.     Answering Defendants admit that Meretsky sent an email on July 31, 2014 on

behalf of Sphere 3D to the transfer agent (the "Meretsky Email") properly objecting to V3's

request on several grounds.  Answering Defendants deny the remaining allegations in paragraph

74.

75.     Answering Defendants deny the allegations in paragraph 75.

76.     Answering Defendants admit that pursuant to provisions of the APA V3 was

required to obtain and present to Sphere 3D a legal opinion of counsel of recognized standing

reasonably satisfactory to Sphere 3D stating that removal of the Restrictive Legend was proper.

Answering Defendants deny the remaining allegations in paragraph 76.

77.     Answering Defendants deny the allegations in paragraph 77.

78.     Answering Defendants deny the allegations in paragraph 78.

79.     Answering Defendants deny the allegations in paragraph 79.

80.     Answering Defendants deny the allegations in paragraph 80, including all of its

subparts.

81.     Answering Defendants admit that Sphere 3D encouraged V3 to settle its claims

with Bookman.  Answering Defendants deny the remaining allegations in paragraph 81.

82.     Answering Defendants deny the allegations in paragraph 82.

83.     Answering Defendants are without sufficient knowledge or information that V3

defaulted on some debt repayments and, on that basis, deny the same.  Answering Defendants

deny the remaining allegations in paragraph 83.

84.    Answering Defendants deny that V3 was entitled to any Holdback Shares.
Answering Defendants deny the remaining allegations in paragraph 84.

85.    Answering Defendants admit that after the Closing Date, Sphere 3D's shares
traded on the TSX Venture Exchange at prices higher than, and lower than, the price of Sphere
3D shares on the Closing Date.  Answering Defendants deny the remaining allegations in
paragraph 85.

86.    Answering Defendants admit that, in September 2014, Anderer sought a
temporary restraining order against V3.  Answering Defendants deny the remaining allegations
in paragraph 86.

87.    Answering Defendants deny the allegations in paragraph 87.

88.    Answering Defendants deny the allegations in paragraph 88.

89.    Answering Defendants are without sufficient knowledge or information to admit
or deny the allegations in paragraph 89 and, on that basis, deny the same.

90.    Answering Defendants deny the allegations in paragraph 90.

91.    Answering Defendants admit that Sphere 3D and V3 entered the October 10,
2014 Agreement on or about October 10, 2014.  Answering Defendants deny that the October
10, 2014 Agreement is attached to the Complaint.  The October 10, 2014 Agreement speaks for
itself.  Answering Defendants deny the remaining allegations in paragraph 91 to the extent they
are inconsistent with the contents thereof.

92.    Answering Defendants deny the allegations in paragraph 92.

93.    Answering Defendants deny the allegations in paragraph 93.

94.     Answering Defendants admit that V3 did not sell Sphere 3D stock until October 2014.  Answering Defendants deny the remaining allegations in paragraph 94.

95.     Answering Defendants deny the allegations in paragraph 95.

96.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 96 and, on that basis, deny the same.

97.     Answering Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 97 and, on that basis, deny the same.

98.     Answering Defendants admit that V3 commenced the Bankruptcy Case on the Petition Date.  Answering Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 98 and, on that basis, deny the same.

99.     Answering Defendants admit that there were correspondences between the accountant hired by the bankruptcy estate and Sphere 3D.  These correspondences speak for themselves and Answering Defendants deny the remaining allegations in paragraph 99 to the extent they are inconsistent with the contents thereof.

100.    Answering Defendants admit that on March 17, 2015 Debtor wrote Sphere 3D demanding turnover of property that Debtor incorrectly claimed was its property.   Answering Defendants otherwise deny the allegations in paragraph 100.

101.    Answering Defendants admit that Sphere 3D and Holdings filed the Sphere Proof of Claim on April 6, 2015.  The Sphere Proof of Claim speaks for itself and Answering Defendants deny the allegations in paragraph 101 that are inconsistent with the contents thereof. Answering Defendants deny the remaining allegations in paragraph 101, and affirmatively allege that on November 6, 2015, Sphere 3D and Holdings filed an Amended Proof of Claim which,

14

among other things, asserted that the amount of Sphere 3D's damages was no less than

$13,051,576.

102.     The Sphere Proof of Claim speaks for itself.  Answering Defendants deny the

allegations in paragraph 102, including all of its subparts, to the extent they are inconsistent with

the contents thereof.

103.     Answering Defendants admit that Debtor sent Sphere 3D a letter on April 7, 2015

claiming the Earn-Out provision of the APA had been breached.  Answering Defendants deny

that Sphere 3D breached the Earn-Out provision of the APA.  Defendants otherwise deny the

allegations in paragraph 103.

## OBJECTION TO PROOF OF CLAIM

### FIRST CLAIM FOR RELIEF
### (Objection to Claim—False Representations and Warranties)

104.     Answering Defendants incorporate by reference each of their previous responses

in this Answer as if fully set forth herein.

105.     Answering Defendants deny the allegations in paragraph 105.

106.     The APA speaks for itself and Answering Defendants deny the allegations

contained in paragraph 106 that are inconsistent with the contents thereof.  Answering

Defendants deny the allegations in paragraph 106.

107.     Answering Defendants deny the allegations in paragraph 107.

108.     Answering Defendants deny the allegations in paragraph 108.

## SECOND CLAIM FOR RELIEF
### (Objection to Claim—Violation of Covenants)

109.    Answering Defendants incorporate by reference each of their previous responses

in this Answer as if fully set forth herein.

110.    Sphere 3D denies the allegations in paragraph 110.

111.    Sphere 3D denies the allegations in paragraph 111.

112.    Sphere 3D denies the allegations in paragraph 112.

113.    Sphere 3D denies the allegations in paragraph 113.

114.    Sphere 3D denies the allegations in paragraph 114.

## THIRD CLAIM FOR RELIEF
### (Objection to Claim—Not Entitled to Offset)

Answering Defendants have moved to dismiss the Third Claim for Relief

## FOURTH CLAIM FOR RELIEF
### (Objection to Claim—Subordination Under 11 U.S.C. § 510(c))

Answering Defendants have moved to dismiss the Fourth Claim for Relief.

## FIFTH CLAIM FOR RELIEF
### (Objection to Claim—Setoff)

Answering Defendants have moved to dismiss the Fifth Claim for Relief.

## SIXTH CLAIM FOR RELIEF
### (Other Defenses to Proof of Claim)

Answering Defendants have moved to dismiss the Sixth Claim for Relief.

## SEVENTH CLAIM FOR RELIEF
### (Turnover of Maximum Earn-Out Amount)

Answering Defendants have moved to dismiss the Seventh Claim for Relief.

## EIGHTH CLAIM FOR RELIEF
### (Turnover of Holdback Shares)

Answering Defendants have moved to dismiss the Eighth Claim for Relief.

## NINTH CLAIM FOR RELIEF
### (Avoidance of Constructively Fraudulent Transfers)

Answering Defendants have moved to dismiss the Ninth Claim for Relief.

## TENTH CLAIM FOR RELIEF
### (Breach of Contract:  Earn-Out and Acceleration)

156.    Answering Defendants incorporate by reference each of their previous responses in this Answer as if fully set forth herein.

157.    The APA speaks for itself.  Answering Defendants deny the allegations in paragraph 157 to the extent they are inconsistent with the contents thereof.

158.    The APA speaks for itself.  Answering Defendants deny the allegations in paragraph 158 to the extent they are inconsistent with the contents thereof.

159.    The APA speaks for itself.  Answering Defendants deny the allegations in paragraph 159 to the extent they are inconsistent with the contents thereof.

160.    The APA speaks for itself.  Answering Defendants deny the allegations in paragraph 160 to the extent they are inconsistent with the contents thereof.

161.    The APA speaks for itself.  Answering Defendants deny the allegations in paragraph 161 to the extent they are inconsistent with the contents thereof.

162.    The APA speaks for itself.  Answering Defendants deny the allegations in paragraph 162 to the extent they are inconsistent with the contents thereof.

163.    Answering Defendants deny the allegations in paragraph 163.

164.    Answering Defendants deny the allegations in paragraph 164.

165.    Answering Defendants deny the allegations in paragraph 165.

166.    Answering Defendants deny the allegations in paragraph 166.

167.    Answering Defendants deny the allegations in paragraph 167.

168.    Answering Defendants deny the allegations in paragraph 168.

169.    Answering Defendants deny that the maximum amount of the Earn-Out Amount

is due to V3.  The APA speaks for itself.  Answering Defendants deny the allegations in

paragraph 169 to the extent they are inconsistent with the contents thereof.

<strong>ELEVENTH CLAIM FOR RELIEF</strong><br>
<strong>(Breach of Contract:  Failure to Remove Legend)</strong>

170.    Answering Defendants incorporate by reference each of their previous responses

in this Answer as if fully set forth herein.

171.    The APA speaks for itself.  Answering Defendants deny the allegations in

paragraph 170 to the extent they are inconsistent with the contents thereof.

172.    The APA and the Restrictive Legend speaks for themselves.  Answering

Defendants deny the allegations in paragraph 172 to the extent they are inconsistent with the

contents thereof.

173.    Answering Defendants deny the allegations in paragraph 173.

174.    Answering Defendants deny the allegations in paragraph 174.

175.    Answering Defendants deny the allegations in paragraph 175.

176.    Answering Defendants deny the allegations in paragraph 176.

### TWELFTH CLAIM FOR RELIEF
### (Breach of Contract:  Failure to Appoint V3's Nominee to Holdings' Board)

177.    Answering Defendants incorporate by reference each of their previous responses in this Answer as if fully set forth herein.

178.    The APA speaks for itself.  Answering Defendants deny the allegations in paragraph 178 to the extent they are inconsistent with the contents thereof.

179.    Answering Defendants deny the allegations in paragraph 179.

180.    Answering Defendants deny the allegations in paragraph 180.

181.    Answering Defendants deny the allegations in paragraph 181.

### THIRTEENTH CLAIM FOR RELIEF
### (Breach of Contract:  Holdback Shares)

Answering Defendants have moved to dismiss the Thirteenth Claim for Relief.

### FOURTEENTH CLAIM FOR RELIEF
### (Breach of Contract:  October 10, 2014 Agreement)

Answering Defendants have moved to dismiss the Fourteenth Claim for Relief

### FIFTEENTH CLAIM FOR RELIEF
### (Breach of the Implied Covenant of Good Faith and Fair Dealing Under the APA)

182.    Answering Defendants incorporate by reference each of their previous responses in this Answer as if fully set forth herein.

183.    Answering Defendants deny the allegations in paragraph 191.

184.    Answering Defendants deny the allegations in paragraph 192, including all of its subparts.

185.    Answering Defendants deny the allegations in paragraph 193.

186.    Answering Defendants deny the allegations in paragraph 194.

## SIXTEENTH CLAIM FOR RELIEF
### (Interference with Existing Economic Relations)

Answering Defendants have moved to dismiss the Sixteenth Claim for Relief.

## SEVENTEENTH CLAIM FOR RELIEF
### (Interference with Existing Contractual Relations, Broker and Transfer Agent)

Answering Defendants have moved to dismiss the Seventeenth Claim for Relief.

## EIGHTEENTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

Answering Defendants have moved to dismiss the Eighteenth Claim for Relief.

## NINETEENTH CLAIM FOR RELIEF
### (Constructive Conversion of Shares)

218.    Answering Defendants incorporate by reference each of their previous responses

in this Answer as if fully set forth herein.

219.    Answering Defendants deny the allegations in paragraph 219.

220.    Answering Defendants deny the allegations in paragraph 220.

221.    Answering Defendants deny the allegations in paragraph 221.

## TWENTIETH CLAIM FOR RELIEF
### (Fraud in the Offer and Sale of Securities, Rule 10b-5)

Answering Defendants have moved to dismiss the Twentieth Claim for Relief.

## TWENTY-FIRST CLAIM FOR RELIEF
### (Negligent Misrepresentation)

Answering Defendants have moved to dismiss the Twenty-First Claim for Relief.

## TWENTY-SECOND CLAIM FOR RELIEF
### (Intentional Misrepresentation)

Answering Defendants have moved to dismiss the Twenty Second Claim for Relief.

## TWENTY-THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

Answering Defendants have moved to dismiss the Twenty-Third Claim for Relief.

## TWENTY-FOURTH CLAIM FOR RELIEF
### (Temporary, Preliminary and Permanent Injunctive Relief)

Answering Defendants have moved to dismiss the Twenty-Fourth Claim for Relief.

## General Denial

Answering Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Answering Defendants assert the following additional affirmative defenses, reserving the right to assert additional affirmative defenses when and if they become appropriate.

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims against Answering Defendants, or some of them, are barred by the doctrines of laches, release, waiver and/or estoppel.

### Third Affirmative Defense

Plaintiff's claims, or some of them are barred because Plaintiff has not sustained any damages or, in the alternative, has overstated its damages.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiff's claims are barred because Plaintiff has failed to mitigate its damages.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the parol evidence rule.

### Seventh Affirmative Defense

Plaintiff's claims are barred by failure of a condition precedent.

### Eighth Affirmative Defense

Plaintiff's claims are barred by want and failure of consideration.

### Ninth Affirmative Defense

Plaintiff's claims are barred by Plaintiff's own breach of contract.

### Tenth Affirmative Defense

Plaintiff's claims are barred by Plaintiff's failure to act in a commercially reasonable

manner.

### Eleventh Affirmative Defense

The alleged hardship to Plaintiff was proximately caused by conditions over which

Answering Defendants have no responsibility or control.

### Twelfth Affirmative Defense

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### Thirteenth Affirmative Defense

Answering Defendants are entitled to an offset against any damages that they may owe,

in the amount asserted in Answering Defendants' Amended Proof of Claim.

### Fourteenth Affirmative Defense

Answering Defendants reserve the right to file a cross-claim/counterclaim for damages

they have sustained.

### Fifteenth Affirmative Defense

Answering Defendants have, or may have, further additional affirmative defenses that are not yet known to Answering Defendants, but that may become known through further discovery. Defendants reserve the right to assert additional affirmative defenses as discovery proceeds. Nothing stated herein constitutes a concession that Answering Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden.

WHEREFORE, Answering Defendants request that Plaintiff's complaint be dismissed with prejudice, that Plaintiff take nothing thereby, and that Answering Defendants be awarded attorney fees and costs incurred in defending this action.

Answering Defendants reserve the right to amend their responses to Plaintiff's factual allegations and their affirmative defenses.

DATED this 23rd day of December, 2015.

DORSEY & WHITNEY LLP

_____*/s/ Milo Steven Marsden*_____
Milo Steven Marsden
Peggy Hunt
Sarah Goldberg
*Attorneys for Sphere 3D Corp., V3 Systems
Holdings, Inc., Peter Tassiopoulos, Jason D.
Meretsky, Eric Kelly, Peter Ashkin, Daniel
J. Bordessa, and Vivekanand Mahadevan*

## CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I hereby certify that on December 23, 2015, I electronically filed the foregoing **ANSWER OF DEFENDANTS SPHERE 3D CORP AND V3 SYSTEMS HOLDINGS, INC. TO CLAIMS 1-2, 10-12, 15 AND 19 OF THE COMPLAINT OBJECTING TO CLAIM NO. 26-1 AND SEEKING OTHER RELIEF** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system.  I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

- Kevin N. Anderson    kanderson@fabianvancott.com, kwall@fabianvancott.com
- Peter W. Billings    pbillings@fabianvancott.com, cmurdock@fabianvancott.com;mbeck@fabianvancott.com
- Douglas J. Payne    dpayne@fabianvancott.com, hmcewen@fabianvancott.com;smcnett@fabianvancott.com

_/s/ Sarah Goldberg_